**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

   v.                                            **Case No. 12-CR-233**

**LEVELL MORGAN**
       **Defendant.**

---

**ORDER**

Defendant Levell Morgan pleaded guilty to possession with intent to distribute crack cocaine, and on April 5, 2013, I sentenced him to 144 months in prison. Defendant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), which allows the court to reduce the prison term of a defendant sentenced based on a range subsequently lowered by the Sentencing Commission. He relies on guideline Amendment 782, which generally reduced offense levels in drug trafficking cases by 2, and which has been designated for retroactive application by the Commission. U.S.S.G. § 1B1.10(d).

Defendant is ineligible for a reduction. At his sentencing hearing, I found that defendant qualified as a career offender and thus adopted a base offense level of 32 under U.S.S.G. § 4B1.1(b)(3), as this level was higher than that produced under the drug trafficking guideline, U.S.S.G. § 2D1.1(c).[1] Amendment 782 changed the drug trafficking guideline, but not the career offender guideline. Because the Amendment does not have the effect of lowering

---

[1] Under U.S.S.G. § 2D1.1(c) (2012), defendant's base offense level was 22 based on a drug weight of approximately 20 grams of crack, plus a 2 level increase for firearm possession under § 2D1.1(b)(1), for an adjusted level of 24. Under the current guidelines, his base level would be 20. U.S.S.G. § 2D1.1(c)(10) (2014). However, under U.S.S.G. § 4B1.1(b), the court is required to use the career offender level if it is higher than the level otherwise applicable.

defendant's applicable guideline range, U.S.S.G. § 1B1.10(a)(2), his motion must be denied. See, e.g., United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 29) is **DENIED**.[2]

Dated at Milwaukee, Wisconsin, this 8th day of July, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2]Defendant also moved for appointment of counsel, and pursuant to the court's administrative order, I referred the matter to Federal Defender Services, which declined to file anything on his behalf. The clerk is directed to terminate the motion for appointment of counsel. (R. 30.)

2